IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,         Case No. 3:06 CR 712

     v.                        MEMORANDUM   OPINION
                                          AND   ORDER
DAVID GEISEN, et al.,

                Defendant.

KATZ, J.

Defendant Andrew Siemaszko has filed multiple motions and memoranda in support thereof (Doc. Nos 143, 145, 146, 147, 148 & 152), as to which the Government has filed an omnibus response (Doc. No. 163) and Defendants Geisen and Cook have filed an omnibus response (Doc. Nos. 164 & 166). After reviewing all filings related to the several motions of Siemaszko, the Court issues the following ruling with respect to each:

(Doc. No. 143) MOTION FOR DISCLOSURE OF INTENT TO OFFER "BAD ACTS" TESTIMONY - RULE 404(B).

Defendant Siemaszko seeks disclosure of 404(b) evidence intended for use by the United States at trial. That was provided in the filing made by the United States in response to the motion and, thus, the motion is moot.

(Doc. No. 145) MOTION IN LIMINE TO PRECLUDE ALLEGATION REGARDING WORK ORDER

This motion relates closely to Doc. No. 143. The issue surrounds work order 00-001846-000. On that work order Mr. Siemaszko admitted writing the words "Work performed without deviation" and signing the annotation. The United States contends that was a false statement

which motivated his later involvement in the concealment of the condition of the head reflected in submission to the NRC, and further, that the same demonstrates such concealment was not an accident or mistake.  Mr. Siemaszko contends to the contrary, asserting that his words were not intended to apply to the entirety of the head cleaning but, as the Court understands it, only as to that portion for which he was directly responsible.   Rule 404(b) covers this directly.  The Government is permitted to show under that rule the notations outlined above as proof of motive, "* * * or absence of mistake or accident * * *".  The Government submission is intended to do just that.  Motion denied.

(Doc. No. 146) MOTION IN LIMINE REGARDING EXAGGERATED THREAT OF HARM TO THE GENERAL PUBLIC.

The United States does not object, in the main, to this motion.  That portion of its response at page 4 of its memorandum, four numbered paragraphs, is significantly different from the exaggeration of threat to the public arising from the acts giving rise to the indictment in this case.  As to those four numbered paragraphs the Court, at this juncture, will not grant Defendant Siemaszko's motion.

Further, Defendants Geisen and Cook assert that the Government should be precluded from making an argument about an exaggerated risk of harm and that this Court should affirmatively instruct the jury regarding the NRC's public statements to the contrary.  The Court will not instruct the jury accordingly, but strongly urges the parties to agree upon a joint exhibit incorporating language contained in the releases from the NRC or letters and/or stories in the media.  Such a joint exhibit would be read by the Court and sent to the jury during deliberations.

Except as noted above, the motion of Defendant is granted.

(Doc. No. 147) MOTION IN LIMINE TO EXCLUDE TESTIMONY OF HOLMBERG AND GAVULA

REGARDING INDEPENDENT REVIEW OF VIDEOTAPE.

At present, Mr. Gavula is not on the witness list of the Government. Therefore, his involvement in this case will not be addressed at this juncture. It is alleged in the Government's memorandum that Mr. Holmberg "meticulously reviewed the video recordings of head inspections from the 1996-1998 and 2000 inspections to determine what nozzles could, in fact, be inspected. Mr. Holmberg's testimony about his review of the tapes provides direct, relevant evidence of the falsity of Defendant Siemaszko's representations."

At this juncture, it appears that Mr. Holmberg will testify concerning his conclusions after a review of the same videos Mr. Siemaszko used to produce a table which was presented to the NRC. It appears that the chart constructed by Mr. Siemaszko contained portions later determined to be inaccurate and that he does not intend to challenge the allegation that portions of that chart are inaccurate. The issue apparently will be whether Mr. Siemaszko was, at the time the chart was submitted, aware of such inaccuracies. Assuming that Mr. Holmberg will testify that a review of the video tapes noted above reflects certain information which was available to Siemaszko at the time or times the chart was constructed, the Court does not agree with Defendants that the testimony intended would be irrelevant. At this juncture the Court will deny Defendant's motion.

(DOC. NO. 148) MOTION IN LIMINE TO PRECLUDE OPINION TESTIMONY

The Government concedes that the motion should be granted in part; that is, Eric Calhoun, a Department of Labor investigator, may not testify regarding his conclusion that Siemaszko was involved in a conspiracy of any kind. He may testify concerning his recollection of his interview with Defendant Siemaszko, but any conclusion regarding the information he gleaned at that interview are outside the purview of permitted testimony. Therefore, Defendant's motion is

3

granted in part.

(Doc. No. 152) MOTION TO COMPEL PRODUCTION OF RELEVANT DOCUMENTS

Siemaszko seeks to compel production of Calhoun's activity/telephone log and email communications between himself and the prosecution team. The United States has responded that it has produced the entire file of the Department of Labor and all Jencks Act statements and that there is nothing more to produce under Rule 16 or any other rule. That being the case, unless additional information is discovered by the Government, as to which it has a duty to divulge the same to Defendants, since there is no additional information which would be responsive to Mr. Siemaszko's motion, that motion is denied.

IT IS SO ORDERED.

                                                            s/ *David A. Katz*
                                                             DAVID A. KATZ
                                                             U. S. DISTRICT JUDGE