IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 3:06 CR 712

-vs-

                                            <u>MEMORANDUM   OPINION</u>

ANDREW SIEMASZKO

                Defendant.

KATZ, J.

Before the Court are the motions of Defendant Andrew J. Siemaszko for acquittal under Fed. R. Crim. P. 29 and for new trial under Fed. R. Crim. P. 33. The Government has filed a response and Defendant a reply. Subsequent to briefing, the Court held an oral argument on the motions, which are now ripe for the Court to issue its ruling. After due consideration and review of significant briefing and impressive oral argument, the Court finds that neither motion is well taken and both will be denied.

**I. Background**

A brief background should set the stage for this ruling. Siemaszko was employed as a coolant engineer at the Davis Besse nuclear facility of First Energy Nuclear Operating Company ("FENOC"). He was indicted by a federal grand jury on five counts, together with two other defendants, and charged with violating 18 U.S.C. § 1001 and 18 U.S.C. § 2 and making false statements to the Nuclear Regulatory Commission ("NRC"). The cases were severed, and Siemaszko was tried separately in August, 2008. The Government's theory of his alleged criminal liability was that he made statements to the NRC in 2001 that were false and/or misleading,

statements which he knew were false, and which he made with the specific intent to deceive the NRC, or in the alternative, he caused others to make false statements. These false statements were in a series of five "serial letters", pursuant to which the NRC agreed to FENOC's proposal to operate the Davis Besse facility beyond December 31, 2001. After approximately two weeks of trial, the jury reached a verdict finding Siemaszko guilty on counts I, II and V of the indictment and not guilty on counts III and IV. The Defendant alleges that there was confusion by and among jurors and that the evidence could not warrant a rational jury to have concluded that he violated the law.

**II. Legal Standards Under Federal Criminal Rules 29 and 33**

In determining whether the evidence upon which the jury based its decision is sufficient to survive a Rule 29 challenge, this Court is directed by the case law to view the evidence and all reasonable inferences therefrom in a light most favorable to the Government. *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992). A verdict should be upheld if ". . . any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1997); *United States v. Acosta-Casares*, 878 F.2d 945, 952 (6th Cir. 1989), *cert. denied*, 493 U.S. 899 (1989).

The burden under Rule 33 of the Federal Rules of Criminal Procedure is upon the defendant attacking a jury verdict; that verdict is presumptively valid. *United States v. Turner*, 490 F.Supp. 583 (E. D. Mich. 1979). However, the trial court may overturn the jury's verdict where the evidence preponderates heavily against the verdict tantamount to a miscarriage of justice. *United States v. Pierce,* 62 F.3d 818, 825-826 (6th Cir. 1995).

**III. Discussion**

2

As the Court noted at the outset of the oral argument, the issue under Rule 29 is whether there is sufficient evidence from which a reasonable jury, deliberating with the guidance of proper instructions, could have determined guilt beyond a reasonable doubt, not beyond *all* doubt. Counsel for both sides have been zealous advocates for their clients and the Court lauds their professionalism.

The Court has reviewed the memoranda filed by the parties and reviewed the transcript of the oral argument, giving due consideration to both sides' arguments.  Distilled to its essence, the Defendant argues the Government did not present evidence of knowledge of falsity with the intent to deceive.  This Court does not agree.

Although a close case, the evidence presented, including testimony establishing Defendant's knowledge and intent, when viewed cumulatively, constitutes sufficient circumstantial evidence upon which a reasonable jury could have based a finding of knowledge and intent.  Although Defendant did not testify, evidence of knowledge and intent came through the testimony of other witnesses.  The Court does not find the verdict is against the manifest weight of the evidence so as to amount to a miscarriage of justice.

Counsel for Defendant urges the Court to find that the jury was presented with no proof of intent to mislead or defraud the NRC.  She continually referred to the proposition of "*respondeat inferior*", arguing that Defendant was blamed for the wrongdoing of his superiors, and intent must be inferred and gleaned, if at all, by the jury from other evidence.  However, key witnesses disprove her position.

The testimony from Prasoon Goyal appears to the Court to be damning to Defendant's position.  His response to Defendant's initial draft of information to be contained within a serial

3

letter indicated what was inaccurate as to prior inspections, but that inaccurate information was still included in the serial letter (See Gov. Ex. 3). Further, evidence of state of mind can be inferred from testimony and/or exhibits admitted into evidence. While defense counsel made light of an attempt to discredit the testimony of Eric Calhoun, an investigator with the United States Office of Special Counsel, the Court's reading of that testimony discredits Defendant's position.

It must be remembered that Calhoun was investigating the allegation that Siemaszko was being treated inappropriately as a whistle blower; he was complaining that he was fired unjustly by FENOC. FENOC alleged, in response to Defendant's complaint, that they had two reasons to fire him: first, his alleged failure to properly clean the nuclear reactor vessel head during the twelfth refueling outage which would have been in 2000; second, that he had provided inaccurate or misleading information to the NRC. (See Calhoun Tr. p. 6). At Calhoun's interview with Siemaszko, at which Siemaszko's counsel was present, Siemaszko asserted that the issue with regard to cleaning the reactor vessel head was incorrect and that FENOC had removed scaffolding before he was finished. Of more consequence is the allegation by Calhoun with respect to FENOC's charge that Siemaszko provided inaccurate and/or misleading information to the NRC. "And I asked him about that as well. He said that that was true." (Calhoun Tr. p. 9). Throughout the remainder of Calhoun's testimony, defense counsel on extensive cross examination attempted to discredit and/or shake his testimony. Counsel repeatedly used different words from those repeatedly used by Calhoun on both direct and cross examination. For instance, the following exchange took place on cross examination between counsel and Calhoun:

> Q.   Am I correct * * * Mr. Siemaszko told you, yes, indeed, the information that was provided to the NRC was inaccurate and incomplete; is that a fair characterization?
> A    Inaccurate and misleading would be a better way to say it.

4

Tr. p. 5.

Again, on final re-direct the following exchange took place:

Q. And I think you indicated, though, that your question to Mr. Siemaszko had the word 'intentionally' in it, did it not?
A. It did.
Q. And specifically, what was your question?
A. Did he intentionally provide inaccurate or misleading information to the NRC.
Q. And to which Mr. Siemaszko said?
A. Yes.

Tr. p. 71.

Thus, through extensive direct examination, cross examination and re-direct examination, consuming almost 100 pages of transcript, Calhoun's testimony was not shaken or varied. He concluded that Defendant was fired because he provided false or misleading information to the NRC that assumes prior knowledge and Defendant did not disagree. In fact, after that disclosure, counsel for Defendant urged Calhoun to investigate not unjustified firing but disparate treatment as between Siemaszko and others involved in the serial letter debacle.

With respect to Defendant's motion for new trial under Rule 33, Defendant Siemaszko suggests three alternative basis for a new trial pursuant to Rule 33. Two of those are recapitulations of the claim that the Government failed to prove its case, which has already been addressed above. The third argument for new trial is that the Government's evidence and the Court's jury instructions constructively amended the indictment. Specifically, he argues that because the Government did not limit its proof to evidence showing actual reliance by the NRC and because the Court instructed the jury using the standard materiality definition, there was a constructive amendment. That claim is based on the proposition that one of the indictment's

introductory paragraphs altered the standard charging language of the five substantive counts of the indictment.

However, the Court agrees with the Government that the motion for new trial raises no issue which could have affected the outcome of this trial and, as such, must be denied. Quoting from the Government's memorandum:

> The burden of justifying a new trial rests with the defendant. *U.S. v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). The decision to grant or deny a motion for new trial falls within the sound discretion of the trial court and will be reversed only for an abuse of discretion *United States v. Anderson*, 76 F.3rd 685 (6th Cir. 1996). A district court should exercise discretion to overturn a jury's verdict only in the extraordinary circumstances where the evidence preponderates heavily against the verdict. *United States v. Pierce*, 62 F.3d 818, 825-26 (6th Cir. 1995).
>
> A constructive amendment 'results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the once charged. *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007). * * * The defendant must show 'prejudice to his ability to defend himself at trial, to the general fairness of the trial, or to the indictment's sufficiency to bar subsequent prosecutions. *United States v. Barrow*, 18 F.3df 482, 488-89 (6th Cir. 1997).

The Court, after sitting through the trial, reading briefs on the issue of new trial and listening to oral argument finds that there was no constructive amendment of the indictment nor any variance, nor is there any substance to the claim of Defendant that the Government modified the definition of materiality and raised its own standard of proof. Even under Defendant's theory he was neither prejudiced by any variance nor was there a constructive amendment.

This Court has not exhaustively written herein on the issues raised by Defendant and addressed by the Government in its response. After a review of the evidence adduced at trial, only a small portion of which has been recited herein, and considering the burden that Defendant must overcome, it is the conclusion of this Court that Defendant's motions must be denied.

**IV. Conclusion**

Defendant's motion for acquittal pursuant to Rule 29 (Doc. No. 347) and for a new trial pursuant to Rule 33 (Doc. No. 347) are denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE